McINTOSH, Respondent, v. PERKINS et al., Appellants.

[Argued January 6, 1893. Decided March 30, 1893.]

Partnership—*In respect to mining property—How created as between the parties.* Where conveyances were made by the plaintiff, who was the owner of mining property, of an undivided two-thirds interest therein to defendant, who, in consideration thereof, agreed to cause such development work to be done as to put the property into a marketable condition and to use his best endeavors to sell the property at the highest price obtainable, bearing all expense of development and of negotiating a sale, and to pay the plaintiff one-third of the gross proceeds upon making a sale, a partnership relation is created between the plaintiff and defendant in respect to the property which is the subject of the enterprise.

Same—*Action for accounting—When properly brought.*— An action in equity by one of such partners against the other for an accounting is proper where the plaintiff had done the development work under employment by the defendant, who, having sold the property after obtaining plaintiff's remaining one-third for that purpose, refused upon demand to pay over to the plaintiff his share of the proceeds of the sale and the reasonable value of the development work.

Same—*Injunction in action for accounting—Receiver.*—The granting of an injunction in such case restraining the bank, in which were deposited the proceeds

of the sale of the property, from paying it over to the defendant and restraining the vendee from paying to the defendant a balance owing on the purchase price of the property is irregular, for if the facts warranted the placing of the partnership funds *in custodia legis* it should have been accomplished through the appointment of a receiver.

Same—*Accounting—Pleading—Receiver.*—A proper case for the appointment of a receiver is not shown where it appeared from the complaint that all the joint operations in respect to the partnership property had been consummated except the collection of the balance of the price for which it had been sold, and there remained simply a dispute between plaintiff and defendant as to the proper apportionment of the fund arising from the sale of the property, there being no averment that the defendant was insolvent or that the partnership fund was in danger of being lost, squandered, or removed from the jurisdiction.

*Appeal from Fifth Judicial District, Beaverhead County.*

Action for an accounting and injunction.   Defendant's motion to dissolve the injunction was refused by Galbraith, J.   Modified.

Statement of facts prepared by the judge delivering the opinion.

This appeal is from an order refusing to dissolve an injunction.   The complaint sets forth that plaintiff, being the owner of several valuable mining claims, bearing gold, silver, and other valuable metals, and water rights, particularly described and situate in Beaverhead county, Montana, for a valuable consideration stated, sold, and conveyed to defendant Perkins an undivided one-third interest therein, and in further consideration of the representations of defendant Perkins, to the effect that he had business relations, knowledge, and experience whereby he could make an advantageous sale of said property, for both plaintiff and said defendant, if the same were further developed by sinking shafts, running tunnels, etc., so as to put said property into a more salable condition; that he, the said defendant Perkins, would, in consideration of the conveyance to him of an additional undivided one-third interest in and to said property, at his own expense, and without any expense to plaintiff, so develop and improve said mining claims, by running tunnels, shafts, levels, and otherwise, as to put the same into marketable condition; and that, after said work was accomplished, defendant Perkins would, at his own expense, and without expense to plaintiff, undertake and use his best endeavors

to sell said property for as large a sum as could be obtained therefor, for the use and benefit of plaintiff and defendant, according to their respective interests therein, on condition that, in case defendant Perkins effected said sale, he should be entitled to retain two-thirds of the price thus obtained for said property as his share of the proceeds derived from such sale, and that he would pay over to plaintiff one-third of the gross sum for which said property was thus sold; that plaintiff, reposing implicit confidence in said defendant Perkins, and believing said representations, and relying upon said promises made by him, and in consideration thereof, accepted said offer, and transferred to defendant Perkins an additional undivided one-third interest in and to said mining property on the conditions proposed by him as aforesaid; that thereafter, upon request, and employment by defendant Perkins, plaintiff performed a large amount of the development work on said property, by running tunnels, drifts, shafts, and levels, greatly enhancing the market value thereof, to wit, work on one of said lode claims, to the reasonable value of $2,000, and work on another of said lode claims, to the reasonable value of $500; all of which work defendant Perkins had promised and agreed to do, or cause to be done, entirely at his own expense, and for the consideration aforesaid, and for the doing of which development work defendant Perkins agreed to pay plaintiff; that said defendant has not paid therefor, except certain payments, amounting in the aggregate to about $500; that by reason of the faith and confidence reposed in defendant Perkins by plaintiff, and of said representations, promises, and agreements on the part of defendant Perkins, and plaintiff's reliance thereon, plaintiff, after conveying said additional one-third of said property to defendant Perkins, as aforesaid, also committed to him the sole and exclusive matter of negotiating a sale of all of said property; that thereafter defendant Perkins represented to plaintiff that he had at last arranged to sell said property for the sum of $9,000, as the total and highest price he could obtain therefor, after using his best endeavors to that end, that, in order to effect said sale, it was necessary for plaintiff to execute and deliver to defendant Perkins a conveyance of plaintiff's remaining one-third of said property, which con-

veyance was to be held by defendant Perkins for the period of
six months, awaiting the consummation of said sale; that rely-
ing on and believing all representations made by defendant
Perkins aforesaid, and having no other information, or means
of information, concerning the truth of said statements, plain-
tiff made and delivered to defendant Perkins the last-men-
tioned conveyance of plaintiff's remaining undivided one-third
interest in and to said property for the stated consideration of
$3,000; that said sum stated as consideration was not paid, but
was to be paid when said sale was consummated; that contrary
to the representations aforesaid, as to holding said last-men-
tioned deed for the period of six months, awaiting said sale,
defendant Perkins, immediately after obtaining said deed,
caused the same to be recorded in the office of the register of
deeds of said county; that thereafter defendant Perkins repre-
sented that he had arranged for an extension of time within
which to consummate said sale for the further period of six
months, to which plaintiff consented; that thereafter said de-
fendant Perkins represented to plaintiff that he, the said de-
fendant, had sold said property for the total sum of $9,000,
and no greater sum; that said representations and statements
made by defendant Perkins to plaintiff, to the effect that the
whole price for which he had negotiated and bargained to sell
said property was only $9,000, were false; and defendant well
knew at the time of asserting the same that such statements
and representations were false, and such statements and repre-
sentations were made for the purpose, and with the design, of
deceiving, cheating, and defrauding plaintiff of a large portion
of his rightful share of the proceeds about to be obtained, and
thereafter obtained, for said property, and to induce plaintiff
to convey his remaining undivided one-third interest in and to
said property, as aforesaid, for the stated consideration of
$3,000; for, on the contrary, defendant Perkins had, prior to
the time of making said false representations and statements
to plaintiff, negotiated and bargained to sell said mining prop-
erty for the total price of $15,000, to be paid therefor, and
did, on the twenty-third day of October, 1891, sell said prop-
erty for the sum of $15,000, and received on said purchase
price the sum of $10,500, leaving a balance of $4,500 still

owing and to be paid on said purchase price by the vendee, according to the conditions of said sale; that as soon as plaintiff received information of the sale of said property by said defendant for the sum of $15,000 as aforesaid, plaintiff demanded of the said defendant an accounting and payment to plaintiff of his rightful share of the proceeds of said sale, under the conditions and agreements existing between plaintiff and defendant as aforesaid; that defendant then and there denied that said property had been sold for the sum of $15,000, and refused to account or pay over to plaintiff his rightful share of the proceeds of said sale, according to said agreement between plaintiff and defendant Perkins; and that said defendant has not paid plaintiff his share of said proceeds, or any part thereof, except the sum of $2,100.

The First National Bank of Dillon, Montana, was made party defendant in the action, and as to it plaintiff alleges that according to his information and belief defendant Perkins had on deposit in said bank to his credit, and subject to his order, a large sum of money derived from the sale of said mining property, to wit, $5,000 of which plaintiff was entitled to at least the sum of $3,800. Phillip Miller was also made a defendant in the action. He was alleged to have been the purchaser of said property in said sale arranged by defendant Perkins; and it was further alleged that defendant Miller, as plaintiff was informed and believed, still owed the sum of $4,500, as part of the purchase price of said property. The relief demanded by plaintiff is that defendant Perkins be compelled to account and pay over to plaintiff the sum of $2,900, alleged to have been wrongfully and fraudulently withheld and retained by defendant Perkins out of plaintiff's share of the purchase price obtained for said property; and also the sum of $2,000, the alleged reasonable value of work and labor performed by plaintiff in developing said mining property to put the same into salable condition, under the agreement aforesaid. Plaintiff further asks that defendant Perkins be enjoined and restrained from interfering with, or drawing out of said bank any of the said sum of $5,000 deposited therein, derived from said sale, until the final determination of this action; that said bank be also enjoined from paying over to defendant

Perkins, or his order, the said fund on deposit therein, as aforesaid, or any part thereof. The relief demanded against defendant Miller was that he be enjoined from paying over to defendant Perkins all or any part of the balance of the purchase price of said property then unpaid; and that defendant Miller be required, when such balance was due, to pay the same into court, to be there held to await the final determination of this action. Upon the institution of the action, the court, upon the application of plaintiff, and his execution and delivery to the clerk of said court the bond required in the sum of $500, ordered an injunction to issue restraining the several defendants from doing any of the acts sought to be enjoined as aforesaid until the further order of the court in the premises. A motion was afterwards made to dissolve said injunction, which motion was denied; but the court thereupon modified the injunction so as to release certain portions of the fund on deposit in said bank, and also a certain portion of the balance of the purchase price to be paid by defendant Miller, from the effect of said injunction, but ordered the same to stand in force, as to portions of each of said funds, awaiting the final determination of the action. From that order refusing to dissolve said injunction this appeal is prosecuted.

*W. S. Barbour*, for Appellants.

*H. J. Burleigh*, for Respondent.

Harwood, J.—The grounds upon which appellants contend the injunction should be dissolved are: 1. That the complaint does not state facts sufficient to warrant the granting of an injunction; 2. That the complaint does not show that plaintiff would suffer great or irreparable injury, or that defendant Perkins is insolvent, or is about to dispose of his property for the purpose of defrauding the plaintiff, or that, unless the injunction was granted, plaintiff would be unable to enforce any judgment he might obtain. The facts alleged, we think, show a pooling of interests in the property, on the conditions stated, for the purpose of development and sale for the best price obtainable, and division of the proceeds according to the respective interests of the parties. To that end, and for their mutual

benefits, plaintiff conveyed to defendant Perkins an undivided one-third interest, in order to procure the necessary development of the property by defendant Perkins, and to engage his efforts in negotiating a sale; for which one-third interest defendant Perkins agreed to cause said development, and use his best endeavors to consummate a sale at the highest price obtainable after development, for the mutual advantage of plaintiff and said defendant, under the express agreement that defendant Perkins would bear all expense of development and of negotiating the sale, in consideration of the right to retain two-thirds of the proceeds derived from such sale; and that he would account and pay over to plaintiff one-third of the gross proceeds derived from said sale. These facts, in our opinion, show a partnership relation in respect to the property, and the enterprise of which it was the subject. (Parsons on Partnership, 6.) This is clearly an action wherein plaintiff seeks equitable relief, as contradistinguished from an action at law. He sets up the facts showing a fiduciary relation existing between himself and defendant Perkins respecting said property and transactions. On the face of the deeds whereby plaintiff conveyed certain interests in said mining property to defendant Perkins, it appears from a purely legal view that plaintiff sold and conveyed such interests for a stated consideration received. Plaintiff seeks to go back of this apparent legal phase of the transaction, and show that said interests were in fact conveyed to defendant Perkins in trust—one-third interest to procure the necessary development of said mining property by defendant, and another third last conveyed as a convenience, in effecting the sale and passing title to the vendee, to carry out their mutual undertakings; and that all was done with reference to the prior agreement as to what each should do in respect to said property, and receive out of the proceeds resulting therefrom.

Upon such a state of facts growing out of partnership relations, plaintiff would, on the denial of his rights and refusal of defendant to account and pay over plaintiff's part of the proceeds obtained by such sale according to the joint compact, be entitled to prosecute his action in equity for such an accounting and payment. The court having jurisdiction of the whole

subject would in the same action compel such adjustment of differences arising from one partner having borne more than his share of the common expense, or from one having prosecuted development work for which the other had specially agreed to pay, as would enable the court to do complete justice in the divisions of the partnership funds or property. We do not concur in the proposition urged by appellant's counsel that plaintiff has a plain, speedy, and adequate remedy at law. The question to be determined on this appeal is whether the preliminary proceedings had in this case were warranted by the showing made. Appellants insist that the facts alleged do not warrant the issuance of an injunction. The injunction appears to have been issued to require the defendant bank to hold funds alleged to be in its custody derived from the sale of said property; and also to require defendant Miller to withhold payment to the defendant of the balance owing on the purchase price of said property, and pay the same into court to await the determination of the action. We regard this proceeding as irregular. If the facts set up warranted the court in ordering said joint or partnership fund to be placed *in custodia legis,* that should have been effectuated through the appointment of a receiver. (Code Civ. Proc., § 229.)

The court did not get custody of said fund alleged to be in the bank by enjoining the detention thereof by the bank; for the bank may have been detaining said fund on other grounds or claims. Nor would the injunction requiring defendant Miller to withhold from defendant Perkins said balance owing on said contract of sale, and that the balance be paid into court, be a proper proceeding to accomplish the object aimed at by the court, unless the order for payment was voluntarily complied with; for Miller might be delinquent in payment, or claim some defense thereto; and in either event other proceedings would be necessary to accomplish the object sought by the court. A receiver would be in a position, and possesses power under the direction of the court, to invoke remedies for such difficulties. (Code Civ. Proc., § 233.) Again, the procedure of enjoining the retention of funds in the possession of a party simply in custody thereof, until the determination of the action, would be in effect making such custodian a receiver, without

sureties, to guaranty the safety of the funds. This would not in general be a safe practice (Code Civ. Proc., § 232), although in the present case the custodian, being a national bank, may have lessened the necessity for such security. If, therefore, the plaintiff was entitled to have the court take into control the fund in dispute, this should have been accomplished through the instrumentality of a receiver, clothed with power to get possession of the property, and hold the same, under bond, to insure its safety, awaiting the determination of the action. Incidentally thereto an injunction may have been proper to restrain defendant Perkins from interference with said property, or the lawful action of the receiver.

This leads to the question whether the facts set forth would warrant the appointment of a receiver. If it appeared from the verified allegations of the complaint that defendant Perkins was insolvent, or said fund was in danger of being lost, squandered, or removed from the jurisdiction, we should unhesitatingly hold it a proper case for a receiver, on the execution and delivery of the undertaking mentioned in section 231 of the Code of Civil Procedure; but no such facts are alleged. The statute on this subject provides: " A receiver may be appointed by the court in which an action is pending, or by the judge thereof—*First,* in an action by a vendor to vacate a fraudulent purchase of property; or by a creditor to subject any property or fund to his claim; or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff; or of any party whose right to, or interest in, the property or fund, or the proceeds thereof, is probable; and where it is shown that the property or fund is in danger of being lost, removed, or materially injured." (Code Civ. Proc., § 229.) This statute declares the general doctrine on this subject long prevailing in courts of equity. We regard the case at bar as clearly standing within the category of cases mentioned in the first subdivision of this section of the statute. It should be observed that in the present case all the joint operations and transactions in respect to said property and business have been consummated, and there appears to be no unsettled affairs concerning those transactions, except the collection of a balance owing on the price for which the property

was sold.  There remains simply a dispute as to the proper apportionment of the fund arising from said transaction, between the joint owners.  Herein this case is distinguished from those cases arising out of partnership relations, where, during the progress of a copartnership business, one partner is wrongfully excluded from possession and participation in the management of the property and affairs of the firm, in violation of his rights under the compact; and upon such showing a receiver is appointed to take possession of the partnership property, and wind up its affairs. (2 Lindley on Partnership, 551.)  Inasmuch as plaintiff has sought to get sufficient of said fund into the custody of the court to answer his claims, and the court, in taking jurisdiction thereof, although through somewhat irregular proceedings, has required bond to guaranty defendant such damages as he might sustain by reason of withholding said ¦fund from his control, we will not order dissolution of said injunction *instanter;* but direct that unless plaintiff promptly, upon return of remittitur, make such proper showing as will warrant the appointment of a receiver, according to the practice in such cases, as suggested above, under such order as the trial court may make, allowing amendment or supplemental pleading, then the court shall dissolve said injunction, and release the parties from the effect thereof; but if a sufficient showing be made to warrant the appointment of a receiver, then such remedy may be granted.

*Order modified.*

PEMBERTON, C. J., and DE WITT, J., concur.